**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL ROBERT PERSON,     )
                                  )
          Petitioner,      )     3:10-cv-00480-ECR-RAM
                                  )
vs.                       )     **ORDER**
                                  )
DWIGHT NEVEN, *et al.*,      )
                                  )
          Respondents.    )
_____/

      This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.  Before the Court is respondents' motion to dismiss the petition.  (ECF No. 11).

**I.  Procedural History**

      On November 17, 2003, the State charged petitioner and three co-defendants of the following: Count I, conspiracy to commit robbery, and Counts II-V, robbery with the use of a firearm.  (Exhibit 3).[1]  The State later charged petitioner and his co-defendants in the Second Judicial District Court with Count I, conspiracy to commit robbery, and Counts II-V, robbery with the use of a firearm. (Exhibit 7).  Petitioner pled not guilty.  (Exhibit 8).

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-16.

On February 26, 2004, petitioner changed his plea, pursuant to a guilty plea memorandum, pleading guilty to Counts IV and V, robbery with the use of a firearm.  (Exhibit 13, at p. 4; Exhibit 14).  The judgment of conviction was filed June 29, 2004.  (Exhibit 22).  Petitioner was sentenced as follows: on Count I, 40-180 months, with a consecutive sentence of 40-180 months for the use of a deadly weapon; on Count II, 40-180 months, with a consecutive sentence of 40-180 months for the use of a deadly weapon, to run consecutive to Count I.  (Exhibit 22).

Petitioner appealed the judgment of conviction.  (Exhibits 24 & 26).  Petitioner filed his fast track statement on September 14, 2004.  (Exhibit 28).  On December 2, 2004, the Nevada Supreme Court affirmed the conviction.  (Exhibit 31).  Remittitur issued on December 28, 2004.  (Exhibit 32).

On November 1, 2005, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 38).  Petitioner filed a supplement to the petition on November 9, 2006.  (Exhibit 41).  On July 18, 2007, the state district court dismissed several grounds of the petition, and found that petitioner had abandoned another ground.  (Exhibit 48).  The court ordered an evidentiary hearing on several claims: alleged attorney conflict of interest; amount of restitution; clerical mistake in the judgment of conviction; and failure of counsel to hire an expert.  (*Id.*).  The evidentiary hearing was held on March 25, 2008.  (Exhibit 52).  The state district court denied the habeas petition, except as to the amount of restitution.  (*Id.*).

On April 15, 2008, petitioner filed a motion to modify sentence.  (Exhibit 53).  On April 7, 2009, the state district court issued a written order denying the motion to modify sentence, and denying the petitions, except as to the amount of restitution.  (Exhibit 59).  On April 15, 2009, the court filed an amended judgment, changing the amount of restitution.  (Exhibit 61).

Petitioner appealed from the denial of his state habeas petition and motion to modify sentence.  (Exhibit 62).  Petitioner, with the assistance of counsel, filed his opening brief on May 28, 2009.  (Exhibit 69).  On April 8, 2010, the Nevada Supreme Court entered an order of affirmance.

1    (Exhibit 74).  The Court denied petitioner's petition for rehearing on June 9, 2010.  (Exhibit 76).

2    Remittitur issued on July 8, 2010. (Exhibit 77).

3         On August 3, 2010, petitioner, through counsel, filed a federal habeas petition in this Court.

4    (ECF No. 2).  The petition contains three grounds for relief.  (*Id.*).  By order filed November 2, 2010,

5    this Court granted petitioner's motion to appoint counsel and directed respondents to respond to the

6    petition. (ECF No. 7).  Respondents filed the instant motion to dismiss on February 15, 2011.  (ECF

7    No. 11).  Petitioner, through counsel, filed an opposition to the motion on February 24, 2011.  (ECF

8    No. 20).  Respondents filed a reply on March 18, 2011.  (ECF No. 23).

9    **II. Discussion**

10        **A. Exhaustion Standard**

11        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

12   exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

13   U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

14   claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S.

15   838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains

16   unexhausted until the petitioner has given the highest available state court the opportunity to

17   consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*,

18   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

19        A habeas petitioner must "present the state courts with the same claim he urges upon the

20   federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications

21   of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

22   *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To

23   achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims

24   under the United States Constitution" and given the opportunity to correct alleged violations of the

25   prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d

26                                          3

1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear

instruction to potential litigants: before you bring any claims to federal court, be sure that you first

have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*

*v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same

operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

*Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

when the petitioner presents to the federal court facts or evidence which place the claim in a

significantly different posture than it was in the state courts, or where different facts are presented at

the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.

Supp. 455, 458 (D. Nev. 1984).  To exhaust a claim, a petitioner must have presented his federal,

constitutional issue before the highest available state court  "within the four corners of his appellate

briefing."  *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).  The state's highest court is

"not required to comb the trial court's decision to discover [a] federal constitutional issue . . . ,"  nor

is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal,

constitutional issue."  *Id*.

### 1.  Ground One

Petitioner claims in Ground One of the federal petition: "I allege that my state court

conviction is unconstitutional, in violation of my Fifth, Sixth and Fourteenth Amendment rights to

due process of law, to a fair trial, and to effective assistance of counsel."  (Petition, ECF No. 2, at p.

4).  Petitioner further asserts:

> My constitutional rights were violated, because my trial counsel acted
> under an actual conflict of interest, in that he had previously
> represented the victim on a number of prior occasions, as well as the
> victim's brother, likewise on a number of criminal cases.  He did not
> secure a constitutionally valid waiver of the conflict of interest.

4

1    (*Id.*).  Petitioner alleges that counsel's performance was affected by the conflict of interest, "in that

2    he failed and refused to investigate Petitioner's initial exculpatory story, failed and refused to file any

3    motions, persuaded Petitioner to plead guilty pursuant to negotiation, and entertained negotiations

4    with the trial prosecutor with a proffer to Petitioner's testimony, but without knowing what precisely

5    Petitioner did or would testify to."  (*Id.*).  Petitioner asserts that this claim was exhausted in issue #1

6    of his appeal from the denial of his state habeas petition (Nevada Supreme Court Case No. 53617).

7    (*Id.*, at pp. 5-6).

8         In petitioner's opening brief on appeal from the denial of his state habeas petition, he claimed

9    a violation of his constitutional rights due to an actual conflict of interest by trial counsel.  (Exhibit

10   69, at pp. 20-27).  In the federal petition, petitioner alleges that trial counsel failed and refused to

11   investigate his exculpatory story, failed and refused to file motions, failed to pursue defenses, and

12   persuaded him to plead guilty.  (ECF No. 2, at pp. 4 & 20-22).  These additional arguments go

13   beyond the conflict of interest allegations contained in the opening brief to the Nevada Supreme

14   Court.  (Exhibit 69, at pp. 20-27).

15        In his opposition, petitioner argues that he raised the claim that trial counsel failed to

16   investigate his exculpatory version of events in his petition for rehearing to the Nevada Supreme

17   Court.  (Opposition, ECF No. 20, at p. 9; Exhibit 75, at p. 3).  An appellant is not permitted to raise

18   new claims in a petition for rehearing in the Nevada Supreme Court.  Rule 40(c)(1) of the Nevada

19   Rules of Appellate Procedure (NRAP) provides that: "Matters presented in the briefs and oral

20   arguments may not be reargued in the petition for rehearing, and no point may be raised for the first

21   time on rehearing."  Thus, in Nevada, an appellant cannot exhaust state remedies by raising issues

22   for the first time in a petition for rehearing to the Nevada Supreme Court.  NRAP 40.

23        To the extent that petitioner raised the claim that trial counsel failed to investigate his

24   exculpatory version of events, that claim was presented only in the petition for rehearing.  As such,

25   the claim was presented by a procedurally defect means.  NRAP 40.  Exhaustion cannot be achieved

26

1  by a procedurally deficient or improper means.  *Castille v. Peoples*, 489 U.S. 346 (1989).  A state

2  may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so

3  long as the right of review is not foreclosed or unduly limited.  *Turner v. Compoy*, 827 F.2d 526, 528

4  (9th Cir. 1987).  Presenting an issue to the state's highest court by way of a statutorily deviating path

5  will not exhaust state remedies.  *Id.; see also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir.

6  1985).  In the instant case, petitioner presented the claim that trial counsel failed to investigate his

7  exculpatory version of events for the first time in his petition for rehearing, a procedurally defective

8  means.  Moreover, the other claims in Ground One of the federal petition, such as trial counsel

9  failing to file motions, failing to pursue defenses, and persuading petitioner to plead guilty, were not

10 contained in the opening brief to the Nevada Supreme Court.  (ECF No. 2, at p. 4; Exhibit 69, at pp.

11 20-27).  Ground One of the federal petition is unexhausted.

**2.  Ground Two**

13 In Ground Two of the federal petition, petitioner claims:

> I allege that my state court conviction is unconstitutional.  The Nevada
> Courts violated my Fifth, Sixth and Fourteenth Amendment rights to
> due process of law and to effective assistance of counsel in summarily
> dismissing my claim that trial counsel was prejudicially ineffective per
> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 382 (1986) in failing to bring
> on pre-trial proceedings to challenge the methodology of the alleged
> victims' identification of Petitioner as the second armed robber.

18 (Petition, ECF No. 2, at p. 6).  Petitioner asserts that this claim was exhausted in issue #2 of his

19 appeal from the denial of his state habeas petition (Nevada Supreme Court Case No. 53617).  (ECF

20 No. 2, at p. 7).  In his opening brief on appeal from the denial of his state habeas petition, petitioner

21 claimed that trial counsel failed to challenge the methodology of two witnesses' identification of him

22 as the second armed robber.  (Exhibit 69, at p. 27).  In the federal habeas petition, petitioner further

23 alleges that the prosecutor failed to correct perjurious statements by the victim in violation of his

24 right to due process pursuant to *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360

25 U.S. 264 (1964); *United States v. Bagley*, 473 U.S. 667, 679 (1985), and *United States v. Agurs*, 427

26

U.S. 97 (1976).  Petitioner did not raise the *Giglio/Napue* arguments in his opening brief to the Nevada Supreme Court.  (Exhibit 69).

In the opposition, petitioner acknowledges that he raised the *Giglio/Napue* arguments for the first time in his reply brief to the Nevada Supreme Court.  (ECF No. 20, at pp. 11-13).  Petitioner argues that, for the first time in his criminal proceedings, the State's answering brief discussed the fact that there was not photographic lineup, despite one victim testifying at the preliminary hearing that she identified Person from a photo lineup.  (*Id.*).  Petitioner argues that, because this was the first he learned of this information, that his inclusion of the *Giglio/Napue* arguments in the reply brief constituted proper presentation to the Nevada Supreme Court for exhaustion purposes.  (*Id.*). Petitioner specifically relies on *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003) and *Creekmore v. District Court*, 745 F.2d 1236 (9th Cir. 1984), for the argument that his inclusion of the *Giglio/Napue* arguments in the reply brief constituted proper presentation to the Nevada Supreme Court.  (*Id.*, at pp. 12-13).

Petitioner's reliance on *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003) is misplaced.  Notably, the *Sanders* case involved a petitioner who had proceeded in *pro se* during the state court proceedings.  *Id.* at 999.  In *Sanders*, petitioner referred generically to ineffective assistance of counsel in his *pro se* state appellate brief, without explicitly citing to either state or federal law. Later, petitioner again argued ineffective assistance of counsel in his *pro se* reply brief, but explicitly cited the Sixth Amendment and *Strickland*.  *Id.*  The *Sanders* Court noted that "pro se petitions are held to a more lenient standard than counseled petitions."  *Id.*  The Court further noted in *Sanders*, that the ineffective assistance of counsel standards were identical under state and federal law.  *Id.* at 1000.  In contrast, petitioner in the instant case proceeded with counsel during his appeal from the denial of his state court post-conviction petition.  (Exhibit 69, Appellant's Opening Brief, filed by Richard F. Cornell, Esq.).  As such, this Court will not hold the state court pleadings to the more lenient standard applicable to *pro se* pleadings, because petitioner in the instant case had counsel in

the state court appeal, and currently has counsel.  Moreover, *Sanders* differs significantly from the case at bar, because the reply brief in the instant case does not simply include citations to a claim already presented in opening brief.  Instead, petitioner presented a new claim in the reply brief, a practice which is impermissible.

Petitioner's reliance on *Creekmore v. District Court*, 745 F.2d 1236 (9th Cir. 1984), is also misguided.  In *Creekmore*, the Ninth Circuit found that petitioner raised a confrontation clause claim in his brief to the state supreme court and then argued it extensively in his petition for rehearing.  In the instant case, petitioner failed to properly raise the *Giglio/Napue* argument in the opening brief.  Exhaustion may not be effectuated by a procedurally defective means.  *Ex parte Hawk*, 321 U.S. 114 (1994); *Castille v. Peoples*, 489 U.S. 346 (1989).  The Nevada Supreme Court will not consider issues raised for the first time in a reply brief.  *See Browning v. State*, 120 Nev. 347, 368, n. 53 (2004) ("NRAP 28(c) does not allow the raising of new claims in reply briefs; it limits a reply brief to addressing new matters raised in the answering brief.").  The claim petitioner presented to the Nevada Supreme Court in the opening brief was an ineffective assistance of counsel claim.  (Exhibit 69, at p. 27).  The *Giglio/Napue* claim was presented for the first time in the reply brief, in a procedurally defective manner.  As such, Ground Two is unexhausted.

### 3. Ground Three

Petitioner claims in Ground Three of the federal petition: "I allege that my state court sentence is unconstitutional, in violation of my Fifth, Sixth and Fourteenth Amendment rights to due process, to a fair sentencing hearing, and to effective assistance of counsel at sentencing . . . ." (Petition, ECF No. 2, at p. 7).  Petitioner asserts that this claim was exhausted in issue #3 of his appeal from the denial of his state habeas petition (Nevada Supreme Court Case No. 53617).  (ECF No. 2, at p. 9).

In his opening brief on appeal from the denial of his state habeas petition, petitioner claimed the following: (1) that trial counsel was prejudicially ineffective in failing to present personality

1  profile evidence at sentencing; (2) that the trial court was furnished impalpable, highly suspect

2  information at sentencing, and the prosecutor relied on the evidence in advocating consecutive

3  sentences; and (3) a request for the Nevada Supreme Court to expand the "mistake of fact"

4  jurisdiction in *Passanisi v. State*, 108 Nev. 318, 831 P.2d 1371 (1992).  (Exhibit 69, at pp. 31-36).  In

5  the federal habeas petition, petitioner raises claims (1) and (2) of the opening brief: (1) that trial

6  counsel was prejudicially ineffective in failing to present personality profile evidence at sentencing,

7  and (2) that the trial court was furnished impalpable, highly suspect information at sentencing, and

8  the prosecutor relied on the evidence in advocating consecutive sentences.  (ECF No. 2, at pp. 7-8).

9       In addition, petitioner raises new arguments in the federal petition that were not raised to the

10  Nevada Supreme Court: petitioner alleges that the prosecutor violated *Giglio* by failing to correct

11  statements made at sentencing that petitioner was the ringleader or one of the ringleaders of the

12  conspiracy to commit robbery (ECF No. 2, at p. 8); petitioner alleges that the state district court's

13  denial of the state habeas petition renders any and all alleged sentencing errors prejudicial (*Id.*, at pp.

14  37-38); petitioner alleges that neither the state trial court judge nor the prosecutor ever stated that

15  they did not consider the co-defendant's letters to the court in considering consecutive sentences (*Id.*,

16  at p. 39); petitioner alleges the unconstitutionality of a court considering *ex parte* information (*Id.*);

17  and petitioner alleges that he was not afforded a post-trial hearing on this issue.  (*Id.*).  In addition,

18  petitioner alleges cumulative error as a result of the sentencing errors.  (*Id.*, at p. 41).  Petitioner did

19  not allege any of these claims in the opening brief to the Nevada Supreme Court.  (Exhibit 69).

20  Petitioner's opening brief to the Nevada Supreme Court did contain a claim that he was prejudiced,

21  whether by error individually or in cumulation with other sentencing errors.  (Exhibit 69, at p. 33).

22  However, because petitioner raises new claims in Ground Three that were never presented to the

23  Nevada Supreme Court, the claim of cumulative error in the federal petition is unexhausted.  In

24  summary, Ground Three of the federal habeas petition is exhausted as to the following claims:  (1)

25  that trial counsel was prejudicially ineffective in failing to present personality profile evidence at

26

sentencing, and (2) that the trial court was furnished impalpable, highly suspect information at

sentencing, and the prosecutor relied on the evidence in advocating consecutive sentences. (ECF No.

2, at pp. 7-8). The remainder of Ground Three is unexhausted.

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted

available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*,

455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is

subject to dismissal. *Id.* In the instant case, the Court finds that Ground Three of the federal habeas

petition is exhausted as to the following claims: (1) that trial counsel was prejudicially ineffective in

failing to present personality profile evidence at sentencing, and (2) that the trial court was furnished

impalpable, highly suspect information at sentencing, and the prosecutor relied on the evidence in

advocating consecutive sentences. All other parts of Ground Three, as well as Grounds One and

Two, are unexhausted. Because the Court finds that the petition is a "mixed petition," containing

both exhausted and unexhausted claims, petitioner has these options:

    1.      He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

    3.      He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*,

315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate

relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised

to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28

10

U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

choice he makes regarding his petition.

**IV.  Conclusion**

     **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) the

petition is **GRANTED in part, and DENIED in part**, as follows:

     1.  Grounds One and Two of the petition are unexhausted.

     2.  Ground Three of the federal habeas petition is exhausted as to the following subclaims:

(1) that trial counsel was prejudicially ineffective in failing to present personality profile evidence at

sentencing; and (2) that the trial court was furnished impalpable, highly suspect information at

sentencing, and the prosecutor relied on the evidence in advocating consecutive sentences.

     3.  All other parts of Ground Three are unexhausted.

     **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)**

inform this Court in a sworn declaration that he wishes to formally and forever abandon the

unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds;

**OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without

prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for

a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to

state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and

abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in

Local Rule 7-2.

     **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer

shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and

11

shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 20th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

12