UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL ROBERT PERSON,          )
                                )
         Petitioner,            )   3:10-cv-00480-ECR-WGC
                                )
vs.                             )   **ORDER**
                                )
DWIGHT NEVEN, *et al.*,         )
                                )
         Respondents.           )
_____/

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner who is represented by counsel.

**I. Background**

By order filed July 21, 2011, this Court granted in part and denied in part respondents' motion to dismiss the petition. (ECF No. 24). Specifically, the Court found that Grounds One and Two of the petition are unexhausted. (*Id.*). The Court further found that two sub-claims of Ground Three are exhausted, but the remainder of Ground Three is unexhausted. (*Id.*). The Court directed petitioner to inform the Court, within thirty days, whether he wishes to abandon the unexhausted claims, or whether he wishes to seek a stay and abeyance in order to return to state court to exhaust the unexhausted claims. (*Id.*).

1  Through counsel, petitioner filed a "notice of election" in response to the Court's July 21,
2  2011 order. (ECF No. 30). Without leave of Court, respondents filed a response to petitioner's
3  notice of election. (ECF No. 31). Petitioner then filed a reply to respondents' response, also without
4  leave of Court. (ECF No. 32).

**II. Ground One**

By order filed July 21, 2011, this Court held that the entirety of Ground One was unexhausted. The Court ruled that because petitioner made additional arguments that go beyond the conflict of interest allegations contained in the opening brief to the Nevada Supreme Court, Ground One of the federal petition is unexhausted. (ECF No. 24, at p. 5). The Court further ruled that claims raised in petitioner's brief seeking rehearing to the Nevada Supreme Court were presented by a procedurally defective means and therefore, are unexhausted. (ECF No. 24, at pp. 5-6).

In petitioner's notice of election, with respect to Ground One, he states:

> To the extent that Ground One alleges arguments beyond the conflict of interest allegations contained in the Opening Brief to the Nevada Supreme Court and purports to establish an independent basis for relief, Petitioner abandons Ground 1. Put another way, Petitioner abandons his exculpatory version of events and failed to pursue defenses as an independent basis for the granting of *habeas* relief pursuant to Hill v. Lockhart, 474 U.S. 52 (1985), and its progeny.
>
> However, Petitioner does not abandon Ground I to the extent that it alleges that trial counsel acted under an actual conflict of interest and did not secure a Constitutionally valid waiver of the conflict of interest, and that the Nevada Supreme Court unreasonably applied the holding of Cuyler v. Sullian, 446 U.S. 335(1980) to the operative facts at bar. Based upon pp. 20-27 of the Opening Brief filed in Case No. 53617, filed May 28, 2009, there simply is no question that Petitioner exhausted that issue. Petitioner does not read the Court as holding to the contrary. Petitioner desires to adjudicate the issue he in fact exhausted to the Nevada Supreme Court in Ground I.

(ECF No. 30, at pp. 1-2). Petitioner's notice of election is not in compliance with this Court's order, as the Court ruled that the entirety of Ground One was unexhausted. (*Id.*). However, to the extent that petitioner seeks leave to file an amended habeas petition including only exhausted claims, this

2

Court will allow it.  Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *see e.g. Roman v. Estelle*, 917 F.2d 1505, 1506 (9th Cir. 1990).  Petitioner shall abide by the deadlines set forth at the conclusion of this order for filing an amended petition.

**III. Ground Two**

In petitioner's notice of election, as to Ground Two, petitioner states:

> As with Ground I, Petitioner abandons Ground II to the extent that it raises any Constitutional ground other than that which was alleged at pp. 27-31 of the Appellant's Opening Brief filed May 28, 2009, in Case No. 53617.  Petitioner does so, notwithstanding Williams v. Ryan, 623 F.3d 1258, 1264-65 (9th Cir. 2010) [vacated in part and remanded], for reasons that will become clear in the ultimate Traverse to Respondent's Answer.

(ECF No. 30, at p. 2).  To the extent that petitioner also seeks to amend Ground Two to include only exhausted claims, he shall do so when filing the amended petition.

**IV.  Ground Three**

In his notice of election, petitioner agrees to abandon the subclaims in Ground III that this Court found to be unexhausted.  (ECF No. 30, at p. 3).  To the extent that petitioner seeks to amend Ground Three to include only exhausted claims, he shall do so when filing the amended petition.

**V.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's request to file an amended habeas petition that contains only exhausted claims is **GRANTED.**

**IT IS FURTHER ORDERED** that the amended habeas petition **SHALL** be filed and served on respondents within **thirty (30) days** from the filing date of this order.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the amended habeas petition within **forty-five (45) days** from the date of being served with it.  The answer shall include substantive arguments on the merits as to each claim in the petition, as well as any procedural arguments that may be applicable.  **No further motions to dismiss will be entertained**.

1 **IT IS FURTHER ORDERED** that petitioner **SHALL FILE HIS REPLY** (traverse) to the
2 answer within **thirty (30) days** of being served with the answer.
3 **IT IS FURTHER ORDERED** that hard copies of all filings, including the amended petition,
4 answer, reply, and any exhibits, **SHALL BE SUBMITTED**, for this case, to the staff attorneys in
5 the **Reno Division** of the Clerk of Court.
6 Dated this 14th day of March, 2012.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE