# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ROBERT PERSON, ) | |
| ) | |
| Petitioner, ) | 3:10-cv-00480-ECR-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DWIGHT NEVEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____/ | |

     This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.

     On June 18, 2012, respondents filed an answer to the petition. (ECF No. 42). In support of the answer, respondents filed exhibits. (ECF No. 43). Concurrently, respondents have filed a motion for leave file two exhibits under seal. (ECF No. 44). Respondents seek to file under seal Exhibits 79 and 80, two psychiatric evaluations of petitioner. Respondents have filed the evaluations under seal for *in camera* review. (ECF No. 45).

     There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files,

Case 3:10-cv-00480-ECR -WGC   Document 46   Filed 06/25/12   Page 2 of 3

and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The psychiatric evaluations of petitioner were submitted in support of respondents' answer to the petition. (ECF No. 45). The answer is a dispositive pleading and therefore respondents must show "compelling reasons" to keep the document sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In the instant case, the psychiatric evaluations at Exhibits 79 and 80 contain confidential information concerning petitioner, as defined under NRS 176.156. On balance, the potential harm to both respondents' and petitioner's interests outweighs the public's right to access the psychiatric reports. Respondents have made an adequate showing of compelling reasons to keep the psychiatric reports of petitioner sealed. Accordingly, the Court grants respondents'

1  motion to seal petitioner's psychiatric reports.  The psychiatric reports which were submitted for *in*
2  *camera* review at ECF No. 45, labeled Exhibits 79 and 80, will remain sealed.
3      **IT IS THEREFORE ORDERED** that respondents' motion to seal Exhibits 79 and 80 (ECF
4  No. 44) is **GRANTED.**  The Clerk of Court **SHALL KEEP EXHIBITS 79 AND 80 (ECF NO. 45)**
5  **UNDER SEAL**.
6      Dated this 25th day of June, 2012.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE